# STANDING ORDER REGARDING MOTIONS TO EXCEED THE PAGE LIMITATIONS OF THE FEDERAL RULES OF APPELLATE PROCEDURE

**Effective Immediately**

**PRESENT**: McKEE, **Chief Judge**, and SLOVITER, SCIRICA, RENDELL, AMBRO, FUENTES, SMITH, FISHER, CHAGARES, JORDAN, HARDIMAN, GREENAWAY, JR, VANASKIE, ALDISERT, WEIS, GARTH, STAPLETON, GREENBERG, COWEN, NYGAARD, ROTH, BARRY, and VAN ANTWERPEN, **Circuit Judges**

**AND NOW**, it being noted that motions to exceed the page/word limitations for briefs are filed in approximately twenty-five percent of cases on appeal, and that seventy-one percent of those motions seek to exceed the page/word limitations by more than twenty percent;

Notice is hereby given that motions to exceed the page or word limitations for briefs are strongly disfavored and will be granted only upon demonstration of extraordinary circumstances. Such circumstances may include multi-appellant consolidated appeals in which the appellee seeks to file a single responsive brief or complex/consolidated proceedings in which the parties are seeking to file jointly or the subject matter clearly requires expansion of the page or word limitations.

Accordingly, it is **ORDERED** that a three-judge Standing Motions Panel is hereby appointed to rule on all motions to exceed the page/word limitations for briefs since the page/word limitations, prescribed by Fed. R. App. P. 32(a)(7), should be sufficient to address all issues in an appeal.

It is further **ORDERED** that Counsel are advised to seek advance approval of requests to exceed the page/word limitations whenever possible or run the risk of rewriting and refiling a compliant brief. Any request to exceed page/word limitations submitted in the absence of such an advance request shall include an explanation of why counsel could not have foreseen any difficulty in complying with the limitations in time to seek advance approval from the panel.

This order shall not apply to capital habeas cases.

By the Court,

/s/ Theodore A. McKee
Chief Judge

Date: January 9, 2012

**A True Copy:**

Marcia M. Waldron

Marcia M. Waldron, Clerk